UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TONY RIPPETO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV00209 AGF |
| | ) | |
| KEN BEHLMANN AUTOMOTIVE | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiffs, Tony Rippeto, Chris Adelmann, and James J. Jost, in their

representative capacities as Trustees of the District No. 9, International Association of

Machinists and Aerospace Workers Pension and Welfare Trusts ("District No. 9"), bring

this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C §§

185 and 1132, to recover delinquent fringe benefit contributions allegedly owed by

Defendant Ken Behlmann Automotive, Inc.  Plaintiffs also seek to recover attorneys' fees

and costs incurred in this action.  (Doc. No. 1.)  Presently before the Court are Plaintiffs'

Motion and First and Second Amended Motions for Default Judgment.  (Doc. Nos. 4, 9,

and 12.)

Plaintiffs allege that Defendant is a signatory contractor and party to certain

collective bargaining agreements with District No. 9.  *See* Doc. Nos. 5-4, 5-5, 10-4, 10-5,

13-4, 13-5.  These agreements require Defendant to submit contributions to the District

No. 9 Pension and Welfare Trusts.  *See id.*  The collective bargaining agreements and

trust documents establish liability for damages in the event a signatory contractor, such as

Defendant, becomes delinquent in making contributions.  *See* Doc. Nos. 5-6, 5-7, 10-6, 10-7, 13-6, and 13-7.  Plaintiffs assert that Defendant failed to submit the monthly reports and to make the contributions to the Plaintiff Funds required of under the CBAs.

Plaintiffs filed their complaint on January 31, 2013, and served Defendant with the complaint and summons on February 5, 2013.  Defendant's answer was due not later than February 26, 2103, but Defendant did not enter its appearance, file an answer or otherwise respond to the complaint, and the time to do so has expired.  Pursuant to Plaintiffs' request, the Clerk of the Court entered the default of Defendant by order dated March 5, 2013.  (Doc. Nos. 6 and 7.)  On March 28, 2013 and October 18, 2013, Plaintiffs filed their first and second amended motions for default judgment accompanied by additional affidavits and exhibits in support of their claim for damages and as requested by the Court.  As of the date of this Memorandum and Order, Defendant has neither moved to vacate the entry of default nor filed a response to Plaintiffs' motion for default judgment.

## DISCUSSION

Default judgments are not favored in the law, *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993); *Monsanto v. Hargrove*, No. 4:09CV1628 CEJ, 2011 WL 5330674, at *1. (E.D. Mo. Nov. 7, 2011), and their entry is discretionary.  *See Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir. 1988).  Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right.  *Id.*  Prior to the entry of a default judgment, a court must review the sufficiency of

the complaint and the substantive merits of the plaintiff's claim to determine whether the moving party is entitled to the judgment sought.  10 James Wm. Moore, et al., Moore's Federal Practice ' 55.31[1]-[2] (3d ed. 2008).

Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) ("noting that following the entry of default "a defendant has no further standing to contest the merits of plaintiff=s right to recover."); *Trs. of the IBEW Local 405 Health & Welfare Fund v. Tichy Elec. Co.*, No. 07 CV-39-LRR, 2008 WL 154641, at *4-5 (N.D. Iowa Jan. 15, 2008) (applying the above principle to a case for delinquent contributions under ERISA).  "A default judgment entered by the court binds the party facing the default [to the admission of] the well pleaded allegations in the [p]laintiff's complaint."  *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc*., 370 F.3d 715, 722 (8th Cir. 2004) (citing *Taylor*, 859 F.2d at 1333 n. 7).  Where a damages claim is indefinite or uncertain, the amount of damages must be proved to a reasonable degree of certainty by affidavit and other supporting documentation or in a supplemental hearing or proceeding.  *See Taylor*, 859 F.2d at 1332; *see also United Artist Corp. v. Freemen,* 605 F.2d 854, 857 (5th Cir. 1979) (recognizing affidavits and supporting documents as appropriate mechanisms by which to prove damages); *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citation omitted) (holding in an ERISA case that the court has the discretion to determine damages based on "detailed affidavits or documentary evidence.").

Pursuant to 29 U.S.C. ' 1132(g)(2), Plaintiffs are entitled to recover all delinquent contributions determined by the submission of weekly fringe benefit reports, audit or payroll examination, plus liquidated damages, interest, attorney=s fees and costs. *Tichy Elec. Co.*, 2008 WL 154641, at *5.  Here, the affidavits and exhibits before the Court establish that Defendant has failed to submit the required contributions to the Pension and Welfare Trusts weekly fringe benefit reports.  (Doc. Nos. 9-3, 9-4, 13-3 and 13-4.)  Therefore, the Court finds that Plaintiffs are entitled to an award of all delinquent contributions as set forth in the accompanying documentation.  *Carpenters & Joiners Welfare Fund v. Gittleman Corp.*, 857 F.2d 476, 478 (8th Cir. 1988); *Trustees of the Minn. Ceramic Tile and Allied Trades Retirement Fund v. Legacy Tile and Marble*, No. Civ. 06-2965 (JNE/SRN), 2008 WL 624120, at *4 (D. Minn. Mar. 4, 2008).

ERISA provides that, in addition to delinquent contributions, a court shall award "such other legal or equitable relief as the court deems appropriate" including attorney's fees and costs.  29 U.S.C.' 1132(g)(2)(E).  ERISA provides for an award of "interest on the unpaid contributions," and for an award of additional interest, or liquidated damages of not more than twenty percent (20%) of the delinquency.  29 U.S.C. ' 1132(g)(2)(B) & (C)(ii).  The record indicates that Defendant has failed to submit weekly fringe benefit reports and contributions and on the basis of the foregoing, the Court concludes that Plaintiffs' motions for default judgment should be granted.

Upon review of the documentation accompanying these motions, the Court concludes that Defendant owes $178,825.00 in contributions and $35,765.00 in liquidated damages to the Pension Trust for the period of October 1, 2012 through October 31,

2013.  Defendant also owes $19,522.00 in contributions and $3,904.40 in liquidated damages to the Welfare Trust for the period of October 1, 2012 through October 31, 2013.  Moreover, Defendant shall pay to Plaintiffs $1,233.00 in attorney's fees and $402.58 in costs.  Therefore, the total amount owed by Defendant to Plaintiffs for the relevant time period is $239,651.98

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion and First and Second Amended Motions for Default Judgment are **GRANTED**.  (Doc. Nos. 4, 9, and 12.)

**IT IS FURTHER ORDERED** that Defendant shall pay $178,825.00 in delinquent contributions and $35,765.00 in liquidated damages to the PensionTrust for the period from October 1, 2012 through October 31, 2013.  Defendant also shall pay $19,522.00 in delinquent contributions and $3,904.40 in liquidated damages to the Welfare Trust for the period of October 1, 2012 through October 31, 2013, together with $1,233.00 in attorney's fees and $402.58 in costs.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2013.